IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANNY L. SING,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>            Defendant. | 8:20CV229<br><br>**MEMORANDUM<br>AND ORDER** |

    Plaintiff, a prisoner, has filed a pro se Complaint entitled "NOTICE OF APPEAL" in "CASE NO. A-19-001149." It appears that Plaintiff's case in this court is an attempt to appeal the Nebraska Court of Appeals' decision in A-19-1149, *Sing v. Department of Correctional Services*. That decision was an appeal from the Lancaster County District Court.[1]

    Plaintiff's purported appeal from a state-court judgment is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject-matter jurisdiction over challenges to state-court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the

---

[1] This information was obtained online through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi, which contains Nebraska court records. The court can sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996). *See also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). Simply put, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013). Here, Plaintiff asks this court to examine the decision of a state appellate court in a tort matter, and this court lacks jurisdiction to do so. Accordingly,

IT IS ORDERED:

1. This case is dismissed for lack of subject-matter jurisdiction; and

2. Judgment will be entered by separate document.

DATED this 11th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge